**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Kathleen O'Connor, and
Julie Tossey,

Plaintiffs,

vs.

City of St. Paul, Timothy K. Fuller, Gary Olding, Mark Robertson, Patrick Smith, John Hamilton, Mayor Norm Coleman, and Chris Cook,

Defendants.

Case No. 01-CV-846 MJD/SRN

**STIPULATION FOR PROTECTIVE ORDER AND ORDER**

---

**WHEREAS**, Plaintiffs, by their attorney Sandra K. Kensey, inquired during the deposition of Defendant Chris Cook about all allegations of workplace conduct violations made against him, regardless of whether the allegations were substantiated or resulted in disciplinary action; and

**WHEREAS**, Defendant Cook asserts that his testimony on the subject of alleged workplace conduct violations is protected by the Minnesota Government Data Practices Act, Minn. Stat. §13.01 et seq., as well as other statutory and common law doctrines and rules; and,

**WHEREAS**, the parties agree that Defendant Cook's testimony should be kept confidential and not known to anyone other than the parties and their legal counsel, and further agree that it should be the subject of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE,** it is hereby stipulated and agreed by and between the parties, through their respective counsel, that the Court enter a Protective Order on the terms and conditions set forth below:

AUG
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

I. Defendant Cook's deposition testimony regarding allegations of workplace conduct violations shall be considered "Confidential Materials" and the Order entered pursuant to this Stipulation shall govern the examination and use of his deposition.

II. The cover page of Defendant Cook's deposition and each page therein which contains any reference to allegations of workplace conduct violations shall be marked "Confidential."

III. The Confidential Materials shall not be given, shown, made available or communicated in any way to anyone other than the parties to this action and their respective counsel, including paralegals and clerical staff and Plaintiffs' expert John Colonna. Any person to whom Confidential Materials are made available is bound by the terms and conditions of this Protective Order and may not discuss the Confidential Materials with anyone other than the individuals identified in the preceding sentence.

IV. The Confidential Materials may only be used by Plaintiffs' attorneys to prepare for trial and conduct a trial in this matter and it is expressly understood that Plaintiffs and their attorneys may not use the Confidential Materials for any purpose or advantage outside the scope of the issues directly addressed by this litigation.

V. If Plaintiffs' attorneys wish to use or inquire about Confidential Materials at the subsequent deposition of any individual, that portion of the deposition transcript shall be designated "Confidential" and subject to the terms and conditions of this Protective Order.

VI. All copies of Defendant Cook's deposition, as well as subsequent depositions containing Confidential Material, shall remain in the immediate custody of counsel and no additional copies thereof, nor summaries or compilations thereof, shall be transmitted from their physical custody and control.

VII. All documents containing Confidential Material which are filed with the Clerk of United States District Court are to be filed in sealed envelopes listing the case caption, the case number, the identity of the document contained therein and a statement substantially in the following form:

**CONFIDENTIAL**

> This envelope containing the above-identified papers filed by [name of party] is not to be opened nor the contents thereof displayed or revealed except by Court Order.

VIII. At the conclusion of the litigation, Plaintiffs' attorneys shall return all Confidential Materials and copies thereof to counsel for Defendant Cook.

IX. Any party to the Stipulation may, by way of a properly noticed motion, seek an order from the court modifying the requirements set forth herein.

X. The court may impose sanctions on any person or party who violates the terms and conditions of this Protective Order.

**ATTORNEYS FOR PLAINTIFFS**

Dated: 8/1/02

Sandra K. Kensy
Attorney at Law
5430 Carlson Road
St. Paul, MN 55126
(651) 494-9463

Dated: 8/1/02

Daniel J. Boivin
MESHBESHER & SPENCE
1616 Park Avenue
Minneapolis, MN 55404
(612) 339-9121

**ATTORNEYS FOR CITY OF ST. PAUL**

MANUAL J. CERVANTES
City Attorney

Dated: 8-01-02

FRANK E. VILLAUME III
Assistant City Attorney
550 City Hall and Court House
15 West Kellogg Boulevard
St. Paul, Minnesota 55102
(651) 266-8775

Dated: 08/01/02

**ATTORNEYS FOR PAT SMITH**

David H. Johnson
RICE, MICHELS & JOHNSON LLP
206 East Bridge - Riverplace
10 Second Street N.E.
Minneapolis, MN 55413
(612) 676-2300

Dated: 2-1-02

**ATTORNEYS FOR GARY OLDING**

John H. Guthmann
HANSEN, DORDELL, BRADT, ODLAUG
& BRADT
3900 Northwoods Drive, Suite 250
St. Paul, MN 55112
(651) 482-8900

**ORDER**

Based upon the foregoing Stipulation entered into by the parties, through their respective counsel, and upon all the files, records and proceedings herein,

The terms and conditions set forth above in Paragraphs I through X of the Stipulation are hereby adopted as the Protective Order of the Court as if fully set forth herein.

BY THE COURT:

Dated: August 6, 2002

Susan Richard Nelson

Susan Richard Nelson
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.