**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Kathleen O' Connor and Julie Tossey,**

**Plaintiffs,**

**v.**

**City of St. Paul; Timothy K. Fuller; Gary Olding; Patrick Smith; and Chris Cook,**

**Defendants.**

**Civil No. 01-846 (MJD/SRN)**

**ORDER**

---

Sandra K. Kensy, Esq., on behalf of Plaintiffs.

Carrie I Hansen, Esq., Frank E. Villaume III, Esq., and David Johnson, Esq., on behalf of Defendants.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on June 17, 2002, on Defendants' Motion to Strike/Clarify Pleadings (Doc. No. 28).

This Order addresses that motion.

## I. DEFENDANTS' MOTION

### A. Background.

On May 15, 2001, Plaintiffs filed a 13-count Complaint alleging several violations of state and federal law. Plaintiffs claim that Defendants conspired to deny them employment as fire fighters. Count One alleged disparate impact based on the physical skills examination administered to all entry-level fire fighter applicants.

SEP 0 9 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

On July 18, 2001, Defendant Smith brought a motion to dismiss for failure to state a claim upon which relief can be granted. In response, on August 16, 2001, Plaintiffs brought a motion to amend the Complaint. In their motion, Plaintiffs sought to add sufficiently specific facts to the Complaint to survive Smith's motion to dismiss. On December 21, 2001, the Honorable Michael J. Davis, United States District Judge for the District of Minnesota, granted Smith's motion in part. With respect to Count One, Judge Davis stated, "[t]he Court agrees that Plaintiffs do not have standing to assert that the physical fitness entrance test has a disparate impact on females, because both Plaintiffs passed this. As there is no case or controversy before the Court concerning the alleged disparate impact claim, this Court does not have jurisdiction to hear this particular claim. Count One must be dismissed."

Judge Davis also granted Plaintiff's motion, and permitted Plaintiffs to file an Amended Complaint "in the form attached as Exhibit A hereto."

The Amended Complaint described above contains the following four paragraphs, which are now in question.

> 17. When the second physical exam was completed and the scores calculated, the female pass rate was 24.14%, whereas the male pass rate was 94.34%. <u>The tests's pass point has had and will have adverse impact against female candidates seeking the fire fighter positions with Respondent [the City].</u>
>
> 18. According to Respondent, based on the October 1999 testing, no females had a realistic chance of being hired. Based on the May 2000 re-test, 4 of the 21 females who passed have a chance of being hired, while 349 of 598 males have a chance of being hired. No other female candidate would be reachable for hire until and unless close to 300 higher ranking male candidates were hired. <u>Respondent's rank-order scoring of that test, which is the result of an initial 13-band distribution and T-score</u>

calculation, had and will have adverse impact against female candidates seeking fire fighter positions.

19. In or about November 2000, the Minnesota Department of Human Rights determined there is PROBABLE CAUSE to credit Charging Party's allegation of an unfair discriminatory practice by Respondent prohibited by Minnesota Statute § 363.03, subd. 1(2)(a).

20. Pursuant to the Memorandum issued by the Minnesota Department of Human Rights, "probable cause exists to believe that the testing and scoring methods utilized by Respondent have an adverse impact on women and that even if the testing and scoring methods are manifestly related to the job and/or significantly furthers an important business purpose, there is a comparably effective alternative method available, the Candidate Physical Ability Test, which evidence shows would likely cause a significant lesser adverse impact on female firefighter candidates."

## B. Discussion.

Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f).

Because the rule is stated in the permissive, however, it has always been understood that the district court enjoys "liberal discretion" thereunder. *Thor Corp. v. Automatic Washer Co.*, 91 F.Supp. 829, 832 (D.C.Iowa 1950). *See also, F.D.I.C. v. Niblo*, 821 F.Supp. 441, 449 (N.D.Tex.1993). Despite this broad discretion however, striking a party's pleadings is an extreme measure, and, as a result, we have previously held that "[m]otions to strike under Fed. R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted ." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, *Federal Practice and*

> *Procedure*: Civil § 1380 at 783 (1969)). *See also, Resolution Trust Corp. v. Gibson*, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.37[1] (3d ed. 2000) ("Courts disfavor the motion to strike, because it 'proposes a drastic remedy.' ").

Stansbury Law Firm v. Internal Revenue Service, 221 F.3d 1059, 1063 (8th Cir. 2000)

**C. The Parties' Positions.**

Defendants assert that paragraphs 17 through 20 must be stricken from the Amended Complaint in order to comply with Judge Davis' Order. They argue that the paragraphs are not relevant to any of the remaining claims in the Complaint. Further, according to Defendants, Plaintiffs have indicated they intend to introduce this disparate impact evidence at trial. Defendants maintain that doing so would be prejudicial to them, because the disparate impact claim has been dismissed.

Plaintiffs respond that these paragraphs are still relevant for showing an ongoing pattern of discrimination, and demonstrating discriminatory intent. Further, they state that the paragraphs provide background and context for many of the remaining claims. Plaintiffs explain that some of the same individuals who are accused of intentional discrimination also administered the physical fitness entrance test. Plaintiffs also cite Century Indus., Inc. v. Rosemount, Inc., 2001 WL 1618038 (Frank, Judge, D. Minn. 2001) in support of their motion. In Century Indus., the plaintiff alleged that the defendant had fraudulently induced it to enter a settlement agreement. The court explained the issue of striking allegations as follows:

> the Complaint contains a detailed description of an agreement predating the settlement agreement (the "memorandum of understanding" or "MOU") and alleges that Rosemount and Rosemount's counsel fraudulently induced Century to sign that earlier agreement. The MOU was superceded by the settlement agreement, and the terms of the settlement agreement preclude

> Century from bringing any claim based on the MOU.

Id. at *2. The court then concluded that the MOU allegations should not be stricken. It stated,

> While the facts surrounding the signing of the MOU are not directly actionable, they may ultimately prove relevant to the issue of intent with respect to Century's fraud claim. Even if they are never directly relevant, they provide background and context for the facts which are relevant. Finally, the Court does not see any prejudice to Rosemount in allowing the Complaint to stand as pled. Anyone reading the Complaint should take the allegations regarding the MOU with the same grain of salt with which they take the allegations of the Complaint more generally; the Complaint is, by definition, an adversarial document, and the allegations will almost always be drafted so as to paint the opposing party in an unfavorable light.

In addition, Plaintiffs cite Eaton v. American Media Operations, Inc., 1997 WL 7670 (S.D. N.Y. 1997), in which the court denied a motion to strike factual allegations supporting a dismissed sexual harassment claim. Plaintiffs note that the court in Eaton found the remaining allegations did not prejudice the defendant, and might also be admissible to demonstrate a remaining sexual discrimination claim. Id. at *5. Plaintiffs also quote the court's statement in Davis v. Ruby foods, Inc., 269 F.3d 818, 821 (7th Cir. 2001), that "[w]e also take this opportunity to advise defense counsel against moving to strike extraneous matter unless its presence in the complaint is actually prejudicial to the defense."

Plaintiffs explain that they have agreed to delete Count One from the Complaint with respect to all Defendants, even though only Defendant Smith brought the motion to dismiss. Moreover, they maintain that even if Count One had been dismissed with respect to all defendants, it would not have been appropriate to strike the factual allegations in the Complaint. Plaintiffs explain that Defendants know what claims are still in the present case. And further, "[i]t is a matter for the trial judge at the time of trial to determine which facts are relevant to any

remaining claims and which are not. The proper method by which to prevent evidence from being introduced at trial is to bring Motions in limine at trial." Finally, Plaintiffs offer to delete the underlined material from paragraphs 17 and 18.

**D. The Court's Order.**

The Court denies Defendants' motion. The Court is concerned that paragraphs 17 through 20 are primarily applicable to the dismissed claim. In addition, the allegations contained in these paragraphs do not provide the same kind of background and context that was present in Century Indus. Nevertheless, the Eighth Circuit has stated that "motions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." Stansbury, 221 F.3d at 1063.

The paragraphs in question pose the risk to Defendants of reintroducing a dismissed claim. But that is an issue of what information is to be presented to the jury. Hence, it is properly addressed when the parties file motions in limine. At that point, Judge Davis will be able to review all the potential evidence in this case, and determine whether these paragraphs merely add to other evidence of intentional discrimination, or instead, are a disguised attempt to reintroduce a dismissed claim. Further, Judge Davis reviewed the proposed Amended Complaint when addressing Defendants' motion to dismiss. He granted Plaintiffs' motion to file the Amended Complaint without requiring Plaintiff to delete the paragraphs. Consequently, the Court infers that Judge Davis believed the paragraphs were properly a part of the pleadings at least for the moment.

In addition, Plaintiffs have offered to delete the argumentative language from paragraphs 17 and 18. Therefore, on this condition, the Court denies Defendants' motion to dismiss.

**THEREFORE, IT IS HEREBY ORDERED that:**

Defendants' Motion to Strike/Clarify Pleadings (Doc. No. 28) is **DENIED** consistent with this Order.

Dated: September 9, 2002

SUSAN RICHARD NELSON
United States Magistrate Judge