**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**Kathleen O'Connor, and Julie Tossey**

**Plaintiffs,**

**v.**

**City of St. Paul, Timothy K. Fuller, Gary Olding, and Chris Cook,**

**Defendants.**

**Civil No. 01-846 (MJD/SRN)**

**ORDER**

---

Daniel J. Boivin, Esq., on behalf of Plaintiffs

Frank E. Villaume, Esq., on behalf of Defendants

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above entitled matter came before the undersigned United States Magistrate Judge on October 4, 2002, on Plaintiff's Motion to Compel (Doc. No. 47). This case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, the Court grants Plaintiff's motion.

Plaintiffs seek the production of personnel files relating to the testing and evaluation of recruits at the City of St. Paul Fire Department's Fire Recruit Academy for the 2000 calendar year. Since these documents are considered "not public" under the Minnesota Government Data Practices Act (MGDPA), this Court must engage in a balancing test in order to determine if the documents should be produced. Section 13.03 subd. 6 of the MGDPA provides:

> If a state agency, political subdivision, or statewide system opposes



OCT 9 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

> discovery of government data or release of data pursuant to court order on the ground that the data are classified as not public, the party that seeks access to the data may bring before the appropriate presiding judicial officer, arbitrator, or administrative law judge an action to compel discovery or an action in the nature of an action to compel discovery.
>
> The presiding officer shall first decide whether the data are discoverable or releasable pursuant to the rules of evidence and of criminal, civil, or administrative procedure appropriate to the action.
>
> If the data are discoverable the presiding officer shall decide whether the benefit to the party seeking access to the data outweighs any harm to the confidentiality interests of the agency maintaining the data, or of any person who has provided the data or who is the subject of the data, or to the privacy interest of an individual identified in the data. In making the decision, the presiding officer shall consider whether notice to the subject of the data is warranted and, if warranted, what type of notice must be given. The presiding officer may fashion and issue any protective orders necessary to assure proper handling of the data by the parties.

Thus, this Court must make a two-part analysis: "first, determining whether the data sought is discoverable, and then, if discoverable, balancing the benefit to the party seeking access against the harm to the confidentiality interests of those affected by discovery." Northern Inns Ltd. v. County of Beltrami, 524 N.W.2d 721, 722 (Minn. 1994).

Under the first prong, the parties agree that the documents/data are discoverable. (Def.'s Mem. in Opp. to Pl.'s Mot. to Compel at 6).

Under the second prong, the benefit to Plaintiffs outweighs any harm to the confidentiality interests of Defendants or the individuals who are the subject of the data. These documents are critical to Plaintiffs making out a meritorious claim because they would allow Plaintiffs to compare their own performances with other recruits and thus show any discrimination in Defendant's practices. These documents are also not otherwise available to Plaintiffs. Moreover, any confidentiality interests the individuals who are the subject of the data may have, will be addressed by this Court in redacting their names and other identifying

information; no notice need be given to those who are the subject of the data. Finally, this Court notes the concerns the City has raised with regard to alleged confidentiality improprieties and alleged ex parte breaches by Plaintiffs and Plaintiff's experts. In light of the great need Plaintiffs have shown, however, these allegations do not outweigh the benefit the documents will provide Plaintiffs. This Court will strictly enforce the confidentiality requirements of this Order.

**THEREFORE, IT IS HEREBY ORDERED that:**

1. Plaintiff's Motion to Compel Discovery (Doc. No. 47) is **GRANTED**;

2. Defendants, City of St. Paul and Timothy Fuller (the City) shall produce to Plaintiffs all documents responsive to Requests Nos. 7 and 14, including all recruit files, as requested in Plaintiffs' Request for Production of Documents and Statements, Set I to said Defendants served November 6, 2001, and the correspondence concerning the same, including all practical and written test results and Incident/Observation reports.

3. The information shall be produced to Plaintiffs in a redacted form. All names of the individuals who are the subject matter of the data shall be redacted and said individuals shall be identified instead by the numbers previously assigned to them by Defendant City of St. Paul as utilized in the spread sheet prepared by the City and identified as STP02194-02197.

4. The documents produced by the City and the information contained therein shall be considered confidential and shall be so marked. The confidential information shall be used solely in the preparation of a party's position in this case, Civil No. 01-846, and for no other purpose whatsoever, business or otherwise, by mutual

agreement of the parties or otherwise.

**5.** The Confidential Information shall not be given, shown, made available, or communicated in any way to anyone other than:

(a) any party to this case;

(b) counsel of record for the parties (including their associates, secretaries, and employees)

(c) such experts as may be selected by a party or his or her counsel to furnish expert services and/or give testimony in the case with respect to the information so disclosed, subject to the requirement that each such expert agree in writing to comply with the terms of this Order prior to receiving any Confidential Information.

**6.** All copies of documents containing Confidential Information that are obtained by a party shall remain in the immediate custody of that party and/or his or her counsel, and no additional copies thereof, or summaries or compilations thereof, shall be transmitted from their physical custody or control, except temporary custody may be provided to an expert after that expert is provided a copy of this Order and agrees to comply with its terms in a signed writing.

**7.** All documents containing Confidential Information which are filed with the Court shall be filed in sealed envelopes or other sealed containers marked with the title of the action, identifying each document and thing contained therein, and bearing a statement substantially in the following form:

**CONFIDENTIAL**

This envelope containing the above-identified papers filed by [name of party] is neither to be opened nor the contents thereof displayed or revealed except by Court Order.

**8.** Any party may use at a deposition Confidential Information, or a document containing Confidential Information, if the person being deposed:

(a) is the author of the document containing the Confidential Information at issue (or is specifically designated as receiving a copy thereof);

(b) previously had access to the Confidential Information at issue; or

(c) is an employee of the person who produced the Confidential Information at issue.

Dated: October 8, 2002

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge