UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kathleen O'Connor and Julie Tossey,

Plaintiffs,

ORDER
Civ. No. 01-846(MJD/SRN)

City of St. Paul; Timothy Fuller; Gary Olding; Patrick Smith; and Chris Cook,

Defendants.

---

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Susan Richard Nelson dated July 23, 2003. In the Report and Recommendation, Magistrate Judge Nelson recommended that Defendants City of St. Paul, Fuller and Cook's motion for summary judgment be granted in part and denied in part, Defendant Olding's motion for summary judgment be granted, Defendants City of St. Paul, Fuller and Cook's motion be denied in part and denied in part as moot, Plaintiffs' motion to strike as denied in part and denied in part as moot.

Plaintiffs object to that portion of the Report and Recommendation recommending dismissal of the retaliation/reprisal count as against the individual defendants and the City of St. Paul. Defendants City of St. Paul objects to that portion of the Report and Recommendation recommending denial of its motion for summary judgment with regard to the Equal Protection claim.



FILED AUG 2 2 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Pursuant to statute, the Court has conducted a de novo review of the record. 28 U.S.C. § 636(b)(1); Local Rule 72.1(c). Upon review, the Court has determined that it will not adopt the Report and Recommendation dated July 23, 2003 in its entirety. Specifically, the Court will not adopt that portion of the Report and Recommendation recommending dismissal of the retaliation/reprisal claims.

At Section E of the Report and Recommendation, the Magistrate Judge determined that, based on prior court interpretations of the Minnesota Whistleblower Act and Title VII, the Minnesota Supreme Court would hold that, with the exception of a claim for aiding and abetting, the Minnesota Human Rights Act ("MHRA") does not subject employees, including supervisors and managers, to liability. Based on this finding, the Magistrate then recommended that Plaintiffs' reprisal claims against the individual defendants be dismissed as a matter of law. The Magistrate further determined that the reprisal claims against the individual defendants and the City of St. Paul failed on their merit, and recommended summary judgment in favor of all defendants as to Count VI on this basis.

Whether individual employees can be held liable under the reprisal provision of the MHRA has not been addressed by the Minnesota Supreme Court, nor are there any published lower court opinions that would provide guidance on how the Minnesota courts would rule on this issue. In finding that the MHRA

does not impose individual liability, except with regard to a claim of aiding and abetting, the Magistrate looked to case law interpreting Title VII and the Minnesota Whistleblower Act. However, as Plaintiffs point out, these statutes do not contain the same statutory language found in section 363.03, subd. 7.

Similar to the aiding and abetting provision of the MHRA[1], the reprisal provision reads:

> **Reprisals.** It is an unfair discriminatory practice <u>for any individual</u> who participated in the alleged discrimination as a perpetrator, employer, labor organization, employment agency, public accommodation, public service, educational institution, or owner, lessor, lessee, sublessee, assignee or managing agent of any real property, or any real estate broker, real estate salesperson, or employee or agent thereof to intentionally engage in any reprisal against any person because that person:
> (1) Opposed a practice forbidden under this chapter or has filed a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter; or
> (2) Associated with a person or group of persons who are disabled or who are of different race, color, creed, religion, sexual orientation, or national origin.
> A reprisal includes, but is not limited to, any form of intimidation, retaliation, or harassment. It is a reprisal for an employer to do any of the following with respect to an individual because that individual has engaged in the activities listed in clause (1) or (2): refuse to hire the individual; depart from any customary employment practice; transfer or assign the individual to a lesser position in terms of wages, hours, job classification, job security, or other employment status; or inform another employer that the individual has engaged in the activities listed in clause (1) or (2).

Minn. Stat. § 363.03, subd. 7(emphasis added).

By contrast, the Minnesota Whistleblower Act provides:

---

[1]The aiding and abetting provision reads: Aiding and abetting and obstruction. It is an unfair discriminatory practice for any person . . ." Minn. Stat. § 363.03, subd. 6.

> **Subdivision 1. Prohibited action.** An employer shall not discharge, discipline, threaten, otherwise discriminate against, or penalize an employee regarding the employee's compensation, terms, conditions, location, or privileges of employment because:
> (a) the employee, or a person acting on behalf of an employee, in good faith, reports a violation or suspected violation of any federal or state law or rule adopted pursuant to law to an employer or to any governmental body or law enforcement official;
> (b) the employee is requested by a public body or office to participate in an investigation, hearing, inquiry;
> (c) the employee refuses an employer's order to perform an action that the employee has an objective basis in fact to believe violates any state or federal law or rule or regulation adopted pursuant to law, and the employee informs the employer that the order is being refused for that reason; or
> (d) the employee, in good faith, reports a situation in which the quality of health care services provided by a health care facility, organization, or health care provider violates a standard established by federal or state law or a professionally recognized national clinical or ethical standard and potentially places the public at risk of harm.

Minn. Stat. § 181.932 (emphasis added).

Similarly, Title VII, provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3 (emphasis added).

The Court notes that prior to 1998, the MHRA reprisal provision did contain language similar to Title VII and the Whistleblower Act. It read:

"Reprisals. It is an unfair discriminatory practice for any employer, labor organization . . . " Minn. Stat. § 363.03, subd. 7 (1991). The statute was amended, however, to replace "employer" etc. with "any individual". Laws 1997, c. 171, § 1. To now hold that individuals cannot be held liable under 363.03, subd. 7 would render the 1997 amendment meaningless. Based on the clear and unambiguous statutory language of the MHRA reprisal provision, this Court finds that the Minnesota courts would interpret this provision as imposing individual liability.

As to the merits of the reprisal claims against Cook, Olding and Fuller, the Court finds that with respect to the claims against Olding and Fuller, genuine issues of material fact preclude summary judgment.[2]

As against the City of St. Paul, the Court also finds that genuine issues of material fact exist precluding summary judgment as to the claim of reprisal/retaliation.

The Court adopts the remaining Sections of the Report and Recommendation in their entirety.

IT IS HEREBY ORDERED:

1. Defendants City of St. Paul, Fuller and Cook's Motion for Summary Judgment [Doc. Nos. 56 & 59] is DENIED as to Count Two concerning gender-based equal protection, GRANTED as to Count Two concerning

---

[2]Plaintiffs do not object to granting Defendant Cook summary judgment as to the reprisal claim.

age-based equal protection, DENIED as to Count Six concerning a retaliation/reprisal claim against the City of St. Paul, and as against Chief Fuller under the MHRA, § 363.03, subd. 7, and GRANTED as to all other Counts;

2. Defendant Olding's Motion for Summary Judgment [Doc. No. 66] is DENIED as to County Six concerning a retaliation/reprisal claim under the MHRA, § 363.03, subd. 7, and GRANTED as to all other Counts.

3. Defendants City of St. Paul, Fuller, Cook and Olding's Motion to Strike Portions of Plaintiff's Submissions [Doc. 76] is DENIED IN PART AND DENIED AS MOOT IN PART consistent with the body of the Report and Recommendation;

4. Plaintiffs' Motion to Strike Portions of Affidavits [Doc. No. 69-1, 85-1 and 85-2] is DENIED IN PART AND DENIED AS MOOT consistent with the body of the Report and Recommendation.

Date: August 21, 2003

Michael J. Davis
United States District Court